1  Leigh A. White, State Bar No. 167477
   lwhite@cdflaborlaw.com
2  Nicole A. Legrottaglie, State Bar No. 271416
   nlegrottaglie@cdflaborlaw.com
3  CAROTHERS DISANTE & FREUDENBERGER LLP
   900 University Avenue
4  Suite 200
   Sacramento, California 95825
5  Telephone:  (916) 361-0991
   Facsimile:  (916) 361-1480
6
   Attorneys for Defendant
7  TARGET CORPORATION

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

11  VERNISHA CASTLE, an individual,          ) Case No.
                                            )
12            Plaintiff,                     ) [Removed from San Joaquin Superior Court
          vs.                               ) Case No. 39-2013-00293930-CU-WT-STK]
13                                          )
    TARGET CORPORATION, a Corporation; and  ) **DEFENDANT TARGET**
14  DOES 1 through 20, inclusive,           ) **CORPORATION'S NOTICE OF**
                                            ) **REMOVAL OF CIVIL ACTION BASED**
15            Defendants.                    ) **ON DIVERSITY JURISDICTION AND**
                                            ) **FEDERAL QUESTION JURISDICTION**
16                                          ) **PURSUANT TO 28 U.S.C. sections 1331,**
                                            ) **1332, 1441, and 1446**
17  _____ )

18

19

20

21

22

23

24

25

26

27

28

1    TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

2    THE EASTERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR

3    ATTORNEYS OF RECORD:

4    Defendant Target Corporation ("Defendant") hereby provides notice pursuant to 28 U.S.C.

5    §§ 1441 and 1446(a) that it has removed a claim pending in the Superior Court of the State of

6    California for the County of San Joaquin, Case No. 39-2013-00293930-CU-WT-STK. The

7    following is a short and plain statement of the grounds for removal and a listing of the pleadings to

8    date:

9    1.    **Jurisdiction.**  This Court has original jurisdiction over this action because diversity

10   jurisdiction exists under 28 U.S.C. § 1332 in that complete diversity of citizenship exists and the

11   amount in controversy exceeds $75,000, exclusive of interest and costs; **and** this Court has original

12   jurisdiction over this action because federal question jurisdiction exists under 28 U.S.C. § 1331 in

13   that Plaintiff's Complaint alleges a claim for violation of the Family and Medical Leave Act

14   ("FMLA") pursuant to 29 U.S.C. § 2615; therefore, Plaintiff's allegations under the FMLA arise

15   under federal law

16   2.    On or about February 19, 2013, Plaintiff Vernisha Castle ("Plaintiff") filed a

17   Complaint against Target Corporation in the California Superior Court for the County of San

18   Joaquin, entitled "VERNISHA CASTLE, an individual, Plaintiff, vs. TARGET CORPORATION,

19   a Corporation; and DOES 1 through 20, inclusive, Defendants" (the "Superior Court Action").

20   Plaintiff served Target Corporation with the Summons and Complaint, via mail and

21   acknowledgment of receipt of service to an address outside of California pursuant to California

22   Code of Civil Procedure section 415.40, effective March 12, 2013.  At that same time, Plaintiff

23   served Target Corporation with a Notice of Case Assignment and Scheduling Information and

24   Notice of Hearing (and Court Schedule attachment thereto), a Civil Mediation Program publication,

25   a Proof of Service of Summons, a blank Case Management Conference Statement form, a blank

26   Stipulation and Order to Participate in ADR form, a Civil Case Cover Sheet, and a Public Notice

27   Re Non-Availability of Official Court Reporting Services.  Attached hereto collectively as Exhibit

28   A is a true and correct copy of the Summons and Complaint, and the related documents described

NOTICE OF REMOVAL

652723.1

1  above, served on Target Corporation effective March 12, 2013.

2      3.    This Notice of Removal is being filed within thirty days of the service on any

3  defendant of the Summons and Complaint, which was the first time Defendant ascertained that the

4  Superior Court Action was removable based on diversity and federal question jurisdiction.

5      4.    On March 29, 2013, Defendant filed its Answer to the Complaint in San Joaquin

6  County Superior Court, a true and correct copy of which is attached hereto as Exhibit B.

7      5.    The documents attached hereto as Exhibits A through B constitute all process,

8  pleadings, and orders received by, served on, or filed by Defendant in the Superior Court Action.

9      6.    This Court has original jurisdiction over this case because diversity jurisdiction

10  exists under 28 U.S.C. § 1332 in that:

11      a.    Plaintiff Vernisha Castle was at all relevant times, and still is, a citizen of the State

12  of California, County of San Joaquin, as alleged in paragraph 2 of the Complaint.

13      b.    Defendant was, at the time of the filing of this action, and still is, a citizen of

14  Minnesota because it is incorporated under the laws of the State of Minnesota, with its principal

15  place of business in the State of Minnesota.  Thus, under the "nerve center" test of diversity,

16  Defendant's principal place of business is in Minnesota.  Further, the "total activities test" of

17  diversity does not apply in this case because the Ninth Circuit has determined that the "total

18  activities test" should be applied to determine whether diversity jurisdiction exists only when a

19  corporation's activities are centralized in one or two states or there is a clear predominance of

20  business activity in one state.  Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090 (9th Cir.

21  1990).  Here, Defendant's activities are not centralized in one or two states, nor is there a clear

22  predominance of business activity in one state.

23      c.    Defendant is informed and believes that the fictitious defendants named in

24  Plaintiff's Complaint as DOES 1 through 20 have never been properly named or served with the

25  Complaint by Plaintiff.  Thus, under 28 U.S.C. § 1441(a), the citizenship of the remaining

26  defendants sued under fictitious names should be disregarded for purposes of removal.

27      7.    This action is a civil action of which this Court has original jurisdiction under 28

28  U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the

2

NOTICE OF REMOVAL

652723.1

1    provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states (as

2    discussed in the paragraph immediately above) and the matter in controversy exceeds the sum of

3    $75,000, exclusive of interest and costs because:

4         a.      For the causes of action alleged in the Complaint, Plaintiff seeks economic damages

5    of lost wages and lost employment benefits (Complaint, Prayer at page 7, ¶ 1) non-economic

6    damages based on allegations of emotional distress, loss of reputation, and medical expenses

7    (Complaint, Prayer at page 7, ¶ 4), penalties under California Labor Code section 203 (Complaint,

8    Prayer at page 7, ¶ 5), liquidated damages under the FMLA (Complaint, Prayer at page 7, ¶ 6),

9    punitive damages (Complaint, Prayer at page 7, ¶ 7), and statutory attorneys' fees (Complaint,

10   ¶ 25).

11        b.      Plaintiff alleges that Defendant engaged in discrimination based on pregnancy

12   disability (Complaint ¶¶ 26-33), violated the California Family Rights Act ("CFRA") and the

13   FMLA (Complaint ¶¶ 19-25, 34-39), failed to pay Plaintiff's final wages (Complaint ¶¶ 46-48), and

14   wrongfully terminated Plaintiff's employment in violation of public policy (Complaint ¶¶ 40-45).

15   Plaintiff alleges that as a result, she suffered and continues to suffer loss of earnings and other

16   employment benefits (Complaint ¶ 22, 30, 37, and 43) and that she suffered and continues to suffer

17   severe emotional distress and lasting humiliation, embarrassment, and mental anguish (Complaint

18   ¶ 23, 31, and 44).  In these types of cases involving alleged claims of wrongful termination based

19   on pregnancy disability discrimination and emotional distress, if the plaintiff prevails, the jury

20   verdict amounts are typically in excess of $75,000.  In addition, in these types of cases, attorneys'

21   fees are usually substantial and often exceed $75,000 for attorneys' fees incurred through trial.

22        c.      Based on (i) the damage claims made by Plaintiff in the Complaint; (ii) a reasonable

23   estimate of Plaintiff's alleged past and future economic losses should she prevail; (iii) the potential

24   recovery of emotional distress damages; (iv) the potential recovery of liquidated damages and

25   waiting time penalties; (v) the potential recovery of punitive damages; and (vi) the potential

26   recovery of statutory attorneys' fees; and (vii) this firm's experience and understanding in litigating

27   these types of cases and knowing the range of recovery and reasonable attorneys' fees that may be

28

NOTICE OF REMOVAL

652723.1

1   incurred and to which Plaintiff might be entitled should she prevail, the amount in controversy

2   exceeds $75,000 for Plaintiff, exclusive of interest and costs.

3       7.    This Court also has original jurisdiction over this case because federal question

4   jurisdiction exists under 28 U.S.C. § 1331 in that Plaintiff's Complaint alleges a claim for violation

5   of the FMLA pursuant to 29 U.S.C. § 2615; therefore, Plaintiff's allegations under the FMLA arise

6   under federal law.

7       8.    Pursuant to 28 U.S.C. § 1441(c), all of Plaintiff's other allegations arising under

8   state law are also removable due to the fact that this Court has original jurisdiction under 28 U.S.C.

9   § 1331.

10       9.    Defendant will promptly serve its Notice to Plaintiff Vernisha Castle of Removal to

11   Federal Court and will file that Notice with the Superior Court of the State of California for the

12   County of San Joaquin.

13       WHEREFORE, Defendant removes the original action brought by Plaintiff, now pending in

14   the Superior Court of the State of California for the County of San Joaquin, from that State Court to

15   this Court.

16   Dated:  April 3, 2013              CAROTHERS DISANTE & FREUDENBERGER LLP

17

18                         By:    /s/  Leigh A. White

19                                        Leigh A. White

                      Attorneys for Defendant

20                         TARGET CORPORATION

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

652723.1

**EXHIBIT A**

0.0

MAR 1 8 2013

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION., a Corporation; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VERNISHA CASTLE, an individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
FILED
SUPERIOR COURT - STOCKTON

2013 FEB 19 PM 1:11

ROSA JUNQUEIRO CLERK

BY RITA L. GOMEZ
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Joaquin County Superior Court<br><br>222 East Weber Avenue<br>Stockton, CA 95202 | C<br>a<br>s<br>e 39-2013-00293930-CU-WT-STK |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James J. Peters, Peters Law Group, APC, PO Box 7797, Ventura, CA 93006-7797 (805)275-4501

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* FEB 19 2013 | Summons Issued | Clerk, by<br>*(Secretario)* RITA L. GOMEZ | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Target Corporation

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)        ☒ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   **PETERS LAW GROUP, APC**
    **Attorneys at Law**
2   James J. Peters, SBN  227842
    Sara R. Peters, SBN  236904
3   P.O. Box 7797
    Ventura, CA 93006-7797
4   Tel: (805) 275-4501
    Fax: (866) 483-3326
5
6   Attorneys for Plaintiff
    VERNISHA CASTLE

Filed    FEB 1 9 2013
ROSA JUNQUEIRO, CLERK
By _____ RITA L. GOMEZ
                DEPUTY

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF SAN JOAQUIN

10  VERNISHA CASTLE, an individual,        )    CASE NO.: 39-2013-00293930-CU-WT-STK
                                           )
11                                         )    **COMPLAINT FOR DAMAGES FOR:**
                 Plaintiff,                )
12                                         )    1.  Violation of the California Family
                                           )        Rights Act;
13  vs.                                    )
                                           )    2.  Violation of the Pregnancy Disability
14  TARGET CORPORATION., a                 )        Leave Law;
    Corporation; and DOES 1 through 20,    )
15  inclusive,                             )    3.  Violation of the Family Medical
                                           )        Leave Act;
16                                         )
                 Defendants.               )    4.  Wrongful Termination; and
17                                         )
                                           )    5.  Unpaid Wages.
18                                         )
                                           )
19                                         )    **JURY TRIAL DEMANDED**
                                           )
20  _____   )

21      Plaintiff, Vernisha Castle ("Plaintiff") complains and alleges as follows:

22                      **PRELIMINARY ALLEGATIONS**

23      1.      The amount in controversy exceeds the sum of twenty-five thousand dollars

24  ($25,000), exclusive of interest and costs.

25      2.      Plaintiff is a California resident residing in San Joaquin County.

26      3.      Plaintiff is informed, believes, and thereon alleges, that Target Corporation

27  ("Target") is a corporation operating in the State of California, County of San Joaquin.

28      4.      Plaintiff is informed, believes, and thereon alleges, that Defendants, and each and

                                    - 1 -
                        COMPLAINT FOR DAMAGES

THIS CASE HAS BEEN ASSIGNED TO JUDGE BOB MCNATT IN DEPARTMENT 42 FOR ALL PURPOSES, INCLUDING TRIAL

1    all of them, at all relevant times hereinafter mentioned were the agents, employees, servants, joint

2    venturers, parent companies, successor companies, directors, fiduciaries, representatives, and/or

3    co-conspirators of each of the remaining defendants (collectively, "Defendants").  Defendants, in

4    doing the things hereinafter alleged, were acting within the course and scope of such relationship

5    (unless otherwise alleged) and were responsible in some manner for the occurrences herein

6    alleged and, are a proximate cause of Plaintiff's damages as herein alleged.

7        5.     The true names and capacities of DOES 1 through 20 inclusive, whether

8    individual, corporate, associate are otherwise unknown to Plaintiff who therefore sues such

9    defendants by such fictitious names pursuant to California Code of Civil Procedure section 474.

10   Plaintiff is informed and believes, and thereon alleges that the DOE Defendants are California

11   residents.  Plaintiff will amend this complaint to show their true names and capacities when they

12   have been ascertained.

13       6.     Plaintiff is informed and believes, and thereon alleges, that each of the defendants

14   designated herein by a fictitious name is negligently, intentionally, or otherwise responsible in

15   some manner for the events and happenings herein referred to, and negligently, intentionally, or

16   otherwise caused the injuries and damages to Plaintiff as hereinafter alleged.

17                          **GENERAL ALLEGATIONS**

18       7.     Plaintiff worked for Defendant approximately two years implementing the store's

19   "planograms".

20       8.     In approximately August 2012, Plaintiff informed her team lead, Joanna, that she

21   was pregnant.

22       9.     Unfortunately, on September 9 Plaintiff suffered a miscarriage.

23       10.    Plaintiff called Joanna the morning she miscarried to let her know Plaintiff

24   required surgery and would be off of work approximately two weeks.

25       11.    Joanna expressed sympathy and told Plaintiff to keep her updated regarding her

26   condition.

27       12.    Plaintiff had surgery on September 18.

28       13.    Both prior to and following her surgery Plaintiff and her fiancé, who is also a

- 2 -

COMPLAINT FOR DAMAGES

1   Target employee, both kept Target apprised of Plaintiff's medical condition and return to work

2   status.

3        14.    Plaintiff was able to return to work on September 26 and she advised Joanna of

4   this in advance.

5        15.    Plaintiff reported to work on September 26 and completed her shift but after work

6   she was terminated by her supervisor and the store manager for being absent from work the

7   previous two weeks.

8                           **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9        16.    On or about January 21, 2013, Plaintiff filed a complaint with the Department of

10  Fair Employment and Housing ("DFEH") alleging violations of the Fair Employment and

11  Housing Act ("FEHA") and California Family Rights Act ("CFRA") by Defendant and requested

12  an immediate right to sue letter.

13       17.    Plaintiff received a right to sue letter from the DFEH dated January 21, 2013.

14       18.    Plaintiff has exhausted all required administrative remedies under the FEHA and

15  CFRA.

16                               **FIRST CAUSE OF ACTION**

17                   *Violations of the California Family Rights Act*
                   (California Government Code § 12945.2)

18               [As Against Defendants Target and DOES 1-10]

19       19.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-

20  18, inclusive, and incorporates the same by reference as though fully set forth herein.

21       20.    Plaintiff's leave of absence qualified for protection under the CFRA.

22       21.    Plaintiff is informed, believes, and thereon alleges that she was terminated, at least

23  in part, for having exercised her right to take protected leave under the CFRA and/or in retaliation

24  for taking that leave.

25       22.    As a proximate result of Defendants' actions, Plaintiff has suffered, and continues

26  to suffer losses of earnings, and other benefits of employment, all to Plaintiff's damage in an

27  amount according to proof at trial.

28       23.    As a further, proximate result of Defendants' actions, Plaintiff has suffered, and

COMPLAINT FOR DAMAGES

1 continues to suffer, severe emotional distress and lasting humiliation, embarrassment, and mental

2 anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage

3 in an amount according to proof at trial.

4      24.     Plaintiff is informed and believes, and thereon alleges, that Defendants committed

5 the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive

6 manner intended to injure Plaintiff, with an improper and evil motive amounting to malice and

7 spite caused by Defendants' animosity, bias, and hatred of Plaintiff, and was done in conscious

8 disregard of Plaintiff's rights.

9      25.     Plaintiff is also entitled to an award of attorney's fees and costs of suit under

10 California Government Code § 12970.

### SECOND CAUSE OF ACTION
*Violations of the California Pregnancy Disability Leave Law*
(California Government Code § 12945)
[As Against Defendants Target and DOES 1-10]

14      26.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-

15 18, inclusive, and incorporates the same by reference as though fully set forth herein.

16      27.     Plaintiff's leave of absence qualified for protection under California's Pregnancy

17 Disability Leave Law ("PDLL").

18      28.     Plaintiff is informed, believes, and thereon alleges that she was terminated, at least

19 in part, for having exercised her right to take protected leave under the PDLL and/or in retaliation

20 for taking that leave.

21      29.     Defendant also failed to reinstate Plaintiff to her former position with Defendant.

22      30.     As a proximate result of Defendants' actions, Plaintiff has suffered, and continues

23 to suffer losses of earnings, and other benefits of employment, all to Plaintiff's damage in an

24 amount according to proof at trial.

25      31.     As a further, proximate result of Defendants' actions, Plaintiff has suffered, and

26 continues to suffer, severe emotional distress and lasting humiliation, embarrassment, and mental

27 anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage

28 in an amount according to proof at trial.

- 4 -

32.     Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff, with an improper and evil motive amounting to malice and spite caused by Defendants' animosity, bias, and hatred of Plaintiff, and was done in conscious disregard of Plaintiff's rights.

33.     Plaintiff is also entitled to an award of attorney's fees and costs of suit under California Government Code § 12970.

**THIRD CAUSE OF ACTION**
*Violations of the Family Medical Leave Act*
(29 USC § 2615, *et. al.*)
[As Against Defendant Target and DOES 5-15]

34.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-18, inclusive, and incorporates the same by reference as though fully set forth herein.

35.     The leave which Plaintiff took qualified as a protected leave under the Family Medical Leave Act ("FMLA").

36.     Plaintiff is informed, believes, and thereon alleges that she was terminated, at least in part, for having taken her protected leave of absence.

37.     As a proximate result of Defendants' violations of applicable law outlined herein, Plaintiff has suffered a loss of wages, salary, employment benefits, interest and other compensation.

38.     Defendants' wrongful actions were made in bad faith, they did not have reasonable grounds for believing their conduct was not in violation of the FMLA and Plaintiff therefore requests an award of liquidated damages under 29 USC § 2617(a)(1)(A)(ii).

39.     Plaintiff is also entitled to an award of attorney's fees and costs of suit under 29 USC § 2617(a)(3).

**FOURTH CAUSE OF ACTION**
**Wrongful Termination**
[As Against Defendant Target and DOES 1-15]

40.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-

- 5 -

COMPLAINT FOR DAMAGES

39. inclusive. and incorporates the same by reference as though fully set forth herein.

41.     As a California employee. Plaintiff was protected by the fundamental, basic, and substantial public policies found in the California Fair Employment and Housing Act, California Pregnancy Disability Leave Law, California Family Rights Act. Family Medical Leave Act. California Government Code § 12940, *et. seq.* and the California Constitution.

42.     Plaintiff is informed, believes, and thereon alleges that motivating factors in Defendant's termination of Plaintiff were in violation of these enumerated public policies.

43.     As a proximate result of Defendant's actions. Plaintiff has suffered, and continues to suffer losses of earnings, and other benefits of employment, all to Plaintiff's damage in an amount according to proof at trial.

44.     As a further, proximate result of Defendant's actions. Plaintiff has suffered, and continues to suffer, severe emotional distress and lasting humiliation, embarrassment, and mental anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

45.     Plaintiff is informed and believes, and thereon alleges. that Defendant committed the acts described herein deliberately, callously, maliciously. fraudulently and in an oppressive manner intended to injure Plaintiff, with an improper and evil motive amounting to malice and spite caused by Defendants' animosity, bias, and hatred of Plaintiff. and was done in conscious disregard of Plaintiff's rights.

## FIFTH CAUSE OF ACTION
### Unpaid Wages
(California Labor Code §§ 201-203)
[As Against Defendants Target and DOES 5-20]

46.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-18. inclusive. and incorporates the same by reference as though fully set forth herein.

47.     Plaintiff has not received her final paycheck since being terminated from her employment by Defendants.

48.     Plaintiff is also entitled to recover "waiting time" penalties under Labor Code § 203 as a penalty for Defendant's failure to pay her earned wages immediately upon termination.

- 6 -

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.     For actual damages, including loss of past and future earnings, bonuses, deferred compensation, and other employment benefits, in an amount according to proof at trial;

2.     For consequential and incidental damages and expenses in an amount according to proof at trial;

3.     For pre-judgment and post-judgment interest, all at the legal prevailing rate;

4.     For general and special damages, including but not limited to, emotional distress, loss of reputation, and medical expenses in an amount according to proof at trial;

5.     For penalties under California Labor Code § 203;

6.     For liquidated damages under the FMLA;

7.     For punitive damages, in an amount according to proof at trial; and

8.     For such other and further relief as the Court may deem just, proper, and equitable.

DATED: February 14, 2013                    **PETERS LAW GROUP, APC**

                                            By: _____
                                            JAMES J. PETERS
                                            Attorneys for Plaintiff
                                            VERNISHA CASTLE

- 7 -

COMPLAINT FOR DAMAGES

## JURY TRIAL DEMAND

Plaintiff hereby demands his constitutional right to trial by jury for all triable issues in the above—entitled action.

DATED: February 14, 2013                    **PETERS LAW GROUP, APC**

                                            By: _____
                                                JAMES J. PETERS
                                                Attorneys for Plaintiff
                                                VERNISHA CASTLE

COMPLAINT FOR DAMAGES

# SUPERIOR COURT OF CALIFORNIA

### SAN JOAQUIN

### 222 E Weber AVENUE

### Stockton , CA 95202

### (209) 468-2355

## NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

### Case Number: 39-2013-00293930-CU-WT-STK

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date:  07/19/2013 | Time:  08:30:00 AM | |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | **PHONE** |
| Hon.  Bob W. McNatt | STOCKTON | 42 | (209) 468-2355 |

[ x ]  ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**
   See attached ADR packet.

**Ex Parte Matters**
   See attached ADR packet.

**Noticed Motions**
   See attached ADR packet.

**Other Information**
   At least one party demanding a jury trial on each side must pay a nonrefundable fee of $150.00 on or before the initial case management conference or as otherwise provided by statute. CCP 631(b)

Date: 02/26/2013

Rita Gomez _____, Deputy Clerk

### NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

V3 INIT 100 (June 2004)

**COURT SCHEDULE – ATTACHMENT TO NOTICE OF CASE ASSIGNMENT AND NOTICE OF CASE MANAGEMENT CONFERENCE**

The following is the scheduling information for civil cases in the San Joaquin County Court Branches. If the case already has a number you must call and reserve all types of hearings at the appropriate branch.

**STOCKTON BRANCH - (209) 468-2867 (Reservations Only), (209) 468-2933 (General Civil)**

| CMC | Judge Kronlund | Monday-Friday, 8:45am | Dept 11 |
|---|---|---|---|
| | Judge Holland | Monday-Friday, 8:30am | Dept 13 |
| | Judge Coughlan | Monday-Friday, 8:30am | Dept 41 |
| | Judge McNatt | Monday-Friday, 8:30am | Dept 42 |
| | Judge Lofthus | Monday-Friday, 8:30am | Dept 33 |
| | | | |
| Law & Motion | Judge Kronlund | Tuesday-Friday, 9:00am | Dept 11 |
| | Judge Holland | Tuesday-Friday, 9:00am | Dept 13 |
| | Judge Coughlan | Tuesday-Friday, 9:00am | Dept 41 |
| | Judge McNatt | Tuesday-Friday, 9:00am | Dept 42 |
| | Judge Lofthus | Tuesday-Friday, 9:00am | Dept 33 |
| | | | |
| Ex Parte | Judge Kronlund | Monday-Friday, 8:30am and 1:15pm | Dept 11 |
| | Judge Holland | Monday-Friday, 8:15am | Dept 13 |
| | Judge Coughlan | Monday-Friday, 8:15am | Dept 41 |
| | Judge McNatt | Tuesday-Friday, 8:15am and 1:15pm | Dept 42 |
| | Judge Lofthus | Monday-Friday, 8:15am | Dept 33 |

1.  You must:
    a.  Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110)
    b.  File and serve a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.
    c.  Meet and Confer, in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. CRC 3.724.
    d.  Collection cases are managed pursuant to CRC 3.740.
2.  You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call CourtCall, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website at www.stocktoncourt.org for more information regarding civil cases, local rules and forms.

Effective 1/2/2013
Corrected 9-18-12                                          Civil Court Schedule 2013



**CIVIL
MEDIATION
PROGRAM**

Superior Court of
San Joaquin County
222 E. Weber Avenue
Room 303
Stockton, Ca 95202
(209)468-2878
(209)468-8576 fax
www.stocktoncourt.org

# Civil Mediation Program

The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcomes of their own cases. The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.

## What is mediation?

Mediation is an informal, confidential, flexible and non-binding process in which an impartial person called a "mediator" helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to:

- communicate better,
- explore legal and practical settlement options, and
- reach an acceptable solution of the dispute.

The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**

## Why mediate?

- Mediation is a voluntary, confidential process.
- Mediators do not give legal advice and will not judge you on your case.
- Mediation could SAVE you TIME and MONEY, if it is used early.
- Mediation reduces conflict and hostility, whereas trials may increase these feelings.
- Mediation provides high satisfaction with results, because you participate and express your personal interests and concerns.

## Which cases qualify for Mediation?

All types of general civil cases qualify and may benefit from the mediation process. Parties may request or stipulate to mediation at any point in the case.

## Who are the Mediators?

Mediators are experienced attorneys who have completed a Court-approved formal mediation training program. Please contact the Civil Mediation Program Manager or visit the court's website for a list of approved mediators.

**Parties mutually agree on a mediator and schedule the mediation session directly with the mediator.** If you would like a copy of the San Joaquin County Superior Court's Civil Mediation Panelist List, you may visit the Court's website at www.stocktoncourt.org or contact the Program Manager at (209)468-2878 or sbohrer@courts.san-joaquin.ca.us.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| James J. Peters                                    SBN:227842 | |
| Peters Law Group, APC | |
| PO Box 7797 | |
| Ventura, CA 93006-7797 | |
| TELEPHONE NO.: (805)275-4501    FAX NO. *(Optional):* (866)483-3326 | |
| E-MAIL ADDRESS *(Optional):* JJP@PetersLawGroup.com | |
| ATTORNEY FOR *(Name):* Vernisha Castle | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 222 E Weber Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton 95202
BRANCH NAME: Stockton

| PLAINTIFF/PETITIONER: Vernisha Castle | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: Target Corporation | 39-2013-00293930-CU-WT-STK |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Notice of CMC; Non-Availability of Official Court Reporting Services

3. a. Party served *(specify name of party as shown on documents served):*
      Target Corporation

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Timothy R. Baer, General Counsel

4. Address where the party was served:
   1000 Nicollet Mall, Minneapolis, MN 55403

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):*                    (2) at *(time):*
   b. ☐ **by substituted service.** On *(date):*              at *(time):*         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*         from *(city):*         or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]
**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Vernisha Castle | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Target Corporation | 39-2013-00293930-CU-WT-STK |

5. c. ☑ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):* March 2, 2013    (2) from *(city):* Ventura, CA

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☑ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ■ On behalf of *(specify):* Target Corporation
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ■ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ■ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: James Peters
  b. Address: PO Box 7797, Ventura, CA 93006-7797
  c. Telephone number: (805)275-4501
  d. The fee for service was: $
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☑ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 2, 2013

James J. Peters ▶ _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      (SIGNATURE )

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:                    Time:                    Dept.:            Div.:            Room:
Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (Describe, including causes of action):

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
Plus

Cal. Rules of Court,
rules 3.720–3.730

CM-110

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (me, State Bar number, and address): | COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                         FAX NO.:<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

| ☐LODI Branch<br>315 W. Elm St.<br>Lodi, CA 95240 | ☐ MANTECA Branch<br>315 E. Center St.<br>Manteca, CA 95336 | ☐ TRACY Branch<br>475 E. 10th St.<br>Tracy, CA 95376 | ☐STOCKTON Branch<br>222 E. Weber Ave.<br>Stockton, CA 95202 |
|---|---|---|---|

Plaintiff(s)/Petitioner(s):

| Defendant(s)/Respondent(s): | CASE NUMBER: |
|---|---|

## STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

**Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):**

☐ Voluntary Mediation                                              ☐ Other (specify):

☐ Non-Binding Judicial Arbitration CCP 1141.12            _____

☐ Binding Arbitration (private)                                    _____

**Case Type:** _____

**Is the Neutral you selected listed on the Court's Panel of Mediators?**  ☐ Yes        ☐ No

**Neutral's name and telephone number:** _____ /(_____)_____

**Date/Time of ADR Session:** _____/_____a.m./p.m.  **Location of ADR Session:**_____

**Identify by name ALL individuals (litigants and attorneys) who will attend the ADR session:**

_____

_____

_____

**Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR.  Original signatures required.**

| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
|---|---|
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |
| Type or print name of ☐Party without attorney ☐Attorney for<br>☐Plaintiff/Petitioner ☐Defendant/Respondent | (Signature)<br>Attorney or Party without attorney |

**IT IS SO ORDERED:** Dated:_____      _____

Judge of the Superior Court

**An ADR Review Hearing is scheduled for** _____ at _____ a.m/p.m. in Dept. No. _____.

**In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.**

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)
Sup Crt 441 (6/09)

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James J. Peters<br>SBN 227842<br>PO Box 7797<br>Ventura, CA 93006-7797 | SUPERIOR ~~STOCKTON~~<br><br>2013 FEB 15 PM 4 10 |
| TELEPHONE NO.: (805)275-4501    FAX NO.: (866) 483-3326 | ROSA ~~~~ CLERK<br>**RITA L. GOMEZ** |
| ATTORNEY FOR *(Name)*: Vernisha Castle | BY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 222 E Weber Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton 95202
BRANCH NAME: Stockton

CASE NAME:
Castle v. Target Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 39-2013-00293930-CU-WT-STK |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: B. W. MC NATT<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify)*: 5
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 14, 2013
James J. Peters
_____(TYPE OR PRINT NAME)_____          _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



**The Superior Court**
COUNTY OF SAN JOAQUIN
222 E. WEBER AVENUE, ROOM 303
STOCKTON, CALIFORNIA 95202

TELEPHONE
(209) 468-2827
WEBSITE
www.stocktoncourt.org

08/23/12

### ***PUBLIC NOTICE***

## NON-AVAILABILITY OF OFFICIAL COURT REPORTING SERVICES IN CIVIL DEPARTMENTS

Effective October 1, 2012, San Joaquin County's Official Court Reporters are "not available" within the meaning of California Rules of Court, Rule 2.956, for court-reporting of civil cases. As provided in Rule 2.956(e)(1), the term "civil cases" includes all matters other than criminal and juvenile matters. This non-availability extends to all civil case hearings or proceedings of any kind or nature, including but not limited to law and motion hearings, *ex parte* applications, long-cause hearings, and trials.

The departments which normally hear civil cases are 11, 13, 33, 41, and 42. A copy of this notice is posted outside each of these departments.

As provided in Rule 2.956(c), parties may arrange for the presence of a certified shorthand reporter to serve as an official *pro tempore* reporter. It is the party's responsibility to pay the reporter's fee for attendance at the proceedings, but the expense may be recoverable as part of the costs, as provided by law.

If a party arranges and pays for the attendance of the certified shorthand reporter, none of the parties will be charged the reporter's attendance fee provided for in Government Code §§ 68086 (a)(1) or (b)(1).

It is further noticed that the stenographic notes of the certified shorthand reporter are the official records of the Court and shall be secured by the Court in either paper and/or electronic format in accordance with Government Code §§ 69955 (a), (b), (c) and (d).

### Service Instructions for
#### Non-Availability of Official Court Reporting Services in Civil Department

To the Plaintiff(s) or Cross-Complainant(s), and all attorneys for Plaintiff(s) or Cross-Complainant(s):

The plaintiff(s) must serve the notice of Non-Availability of Official Court Reporting Services in Civil Departments (Notice) with the complaint. Likewise, the cross-complainant must serve the Notice on any new parties to the action. The service information must be included on the Proof of Service of Summons.

In addition, parties that file motions must serve the Notice on all parties in the case. The service information must be included on the Proof of Service by Mail.

**EXHIBIT B**

0.0



1 │ CAROTHERS DISANTE & FREUDENBERGER LLP
  │   Leigh A. White, State Bar No. 167477
2 │   lwhite@cdflaborlaw.com
  │   Nicole A. Legrottaglie, State Bar No. 271416
3 │   nlegrottaglie@cdflaborlaw.com
  │ 900 University Avenue
4 │ Suite 200
  │ Sacramento, California 95825
5 │ Telephone: (916) 361-0991
  │ Facsimile: (916) 361-1480
6 │
  │ Attorneys for Defendant
7 │ TARGET CORPORATION
8 │               SUPERIOR COURT OF THE STATE OF CALIFORNIA
9 │                         COUNTY OF SAN JOAQUIN
10│
11│ VERNISHA CASTLE, an individual,      )  Case No. 39-2013-00293930-CU-WT-STK
12│                Plaintiff,            )  Assigned for All Purposes To:
  │        vs.                           )  Judge: Bob W. McNatt
13│                                      )
  │ TARGET CORPORATION, a Corporation; and )  **DEFENDANT TARGET**
14│ DOES 1 through 20, inclusive,        )  **CORPORATION'S ANSWER TO**
  │                                      )  **PLAINTIFF'S UNVERIFIED**
15│                Defendant.            )  **COMPLAINT FOR DAMAGES**
  │                                      )
16│ ─────────────────────────────────── )  Action Filed:   February 19, 2013
17│
18│
19│
20│
21│
22│
23│
24│
25│
26│
27│
28│
  │                                         ──────────────────────────────
  │                                         Def. Target's Answer to Pltf's Unverified
  │                                                                     Complaint



1  CAROTHERS DISANTE & FREUDENBERGER LLP
   Leigh A. White, State Bar No. 167477
2  lwhite@cdflaborlaw.com
   Nicole A. Legrottaglie, State Bar No. 271416
3  nlegrottaglie@cdflaborlaw.com
   900 University Avenue
4  Suite 200
   Sacramento, California 95825
5  Telephone: (916) 361-0991
   Facsimile:  (916) 361-1480
6
   Attorneys for Defendant
7  TARGET CORPORATION

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SAN JOAQUIN

10

11  VERNISHA CASTLE, an individual,        )  Case No. 39-2013-00293930-CU-WT-STK
                                           )
12             Plaintiff,                   )  Assigned for All Purposes To:
          vs.                              )  Judge: Bob W. McNatt
13                                          )
    TARGET CORPORATION, a Corporation; and )  **DEFENDANT TARGET**
14  DOES 1 through 20, inclusive,          )  **CORPORATION'S ANSWER TO**
                                           )  **PLAINTIFF'S UNVERIFIED**
15             Defendant.                   )  **COMPLAINT FOR DAMAGES**
                                           )
16  _____ )  Action Filed:   February 19, 2013

17

18

19

20

21

22

23

24

25

26

27

28

                                    Def. Target's Answer to Pltf's Unverified
                                                            Complaint

1   CAROTHERS DISANTE & FREUDENBERGER LLP
      Leigh A. White, State Bar No. 167477
2   lwhite@cdflaborlaw.com
      Nicole A. Legrottaglie, State Bar No. 271416
3   nlegrottaglie@cdflaborlaw.com
    900 University Avenue
4   Suite 200
    Sacramento, California 95825
5   Telephone: (916) 361-0991
    Facsimile: (916) 361-1480
6
    Attorneys for Defendant
7   TARGET CORPORATION

SAN JOAQUIN COUNTY
SUPERIOR COURT

# FILED by FAX

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF SAN JOAQUIN

10

11  VERNISHA CASTLE, an individual,              )   Case No. 39-2013-00293930-CU-WT-STK
                                                 )
12              Plaintiff,                        )   Assigned for All Purposes To:
         vs.                                     )   Judge: Bob W. McNatt
13                                               )
    TARGET CORPORATION, a Corporation; and       )   **DEFENDANT TARGET**
14  DOES 1 through 20, inclusive,                )   **CORPORATION'S ANSWER TO**
                                                 )   **PLAINTIFF'S UNVERIFIED**
15              Defendant.                        )   **COMPLAINT FOR DAMAGES**
                                                 )
16  ─────────────────────────────────           )   Action Filed:   February 19, 2013

17

18

19

20

21

22

23

24

25

26

27

28

Carothers DiSante &
Freudenberger LLP

LA51045.1

Def. Target's Answer to Pltf's Unverified
Complaint

filed by fax

Defendant TARGET CORPORATION (hereinafter "Defendant" or "Target") hereby submits its Answer to Plaintiff Vernisha Castle's ("Plaintiff") unverified Complaint (the "Complaint") as follows:

## I. GENERAL DENIAL.

1.     Pursuant to the provisions of section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every material allegation in the Complaint, and specifically denies that Plaintiff has been damaged in any amount, sum or manner whatsoever.

## II. AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed preparation for trial. The affirmative defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any affirmative defense contained herein.

Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following separate affirmative defenses to the Complaint:

### SECOND AFFIRMATIVE DEFENSE

(Failure to State Cause of Action)

2.     The Complaint, and each cause of action alleged therein, fails to allege facts sufficient to state a claim on which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

(No Discrimination)

3.     Plaintiff's claims are barred because all decisions made regarding Plaintiff's employment with Defendant were based on legitimate, non-discriminatory criteria, had nothing to do with Plaintiff's alleged protected categories, and were made for proper, business-related reasons that were not arbitrary, capricious, or unlawful.

### FOURTH AFFIRMATIVE DEFENSE

(Exclusivity of Workers' Compensation)

4.     Plaintiff's causes of action, and each of them, to the extent they seek damages for

1

Def. Target's Answer to Pltf's Unverified Complaint

651045.1

1   alleged emotional distress, humiliation, mental anguish, and/or related injuries, are barred by the

2   exclusive remedy provisions of the California workers' compensation laws, including without

3   limitation California Labor Code Section 3600, *et seq.*

### FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

6       5.      Some or all of the causes of action are barred, in whole or in part, by the applicable

7   statutes of limitation, including without limitation, California Code of Civil Procedure sections

8   335.1, 338, and 343, California Government Code sections 12960 and 12965, and 29 U.S.C.

9   section 2615.

### SIXTH AFFIRMATIVE DEFENSE

(Failure to Exhaust Administrative Remedies)

12      6.      Some or all of the alleged causes of action are barred, in whole or in part, because

13  Plaintiff failed to timely exhaust her administrative remedies, including but not limited to failing to

14  comply with the statutory prerequisites to bring suit.

### SEVENTH AFFIRMATIVE DEFENSE

(Justification/Privilege)

17      7.      Defendant's actions with respect to the subject matters in each of the alleged causes

18  of action were undertaken in good faith and for good cause, with the absence of malicious intent to

19  injure Plaintiff, and constitute lawful, proper, and justified means to further the sole purpose of

20  Defendant to engage in and continue its lawful business activities.  Furthermore, all decisions made

21  with respect to Plaintiff's employment were reasonably based on legitimate, non-discriminatory

22  and non-retaliatory reasons, and were made for proper business-related reasons which were not

23  arbitrary, capricious, or unlawful.  By reason thereof, Plaintiff is barred in whole or in part from

24  recovery on any of the alleged causes of action.

### EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

27      8.      Plaintiff's causes of action are barred, in whole or in part, by the doctrine of waiver.

28

2

651045.1

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

9.     Plaintiff's causes of action are barred, in whole or in part, by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.     Plaintiff's causes of action are barred, in whole or in part, by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

11.     Plaintiff's claims for monetary relief are barred, in whole or in part, on the basis of the avoidable consequences doctrine.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Knowledge, Authorization, or Ratification)

12.     Defendant is not liable for Plaintiff's alleged damages because, if any person engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he or she did so without the knowledge, authorization, or ratification of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Managerial Privilege)

13.     Some or all of Plaintiff's claims are barred by the doctrine of managerial privilege.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Exemplary or Punitive Damages)

14.     Plaintiff is precluded from recovering exemplary and/or punitive damages from Defendant, in whole or in part, under the applicable provisions of the law, including but not limited to the California and United States Constitutions, section 3294 of the California Civil Code, and the due process clause of the Fourteenth Amendment to the Constitution of the United States of America pursuant to the doctrine articulated in, among other things, *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

3

Def. Target's Answer to Pltf's Unverified Complaint

651045.1

### FIFTEENTH AFFIRMATIVE DEFENSE

(Plaintiff's Own Conduct)

15.     Plaintiff's claims are barred, in whole or in part, because if Plaintiff suffered or sustained any damage, injury or detriment as alleged in the Complaint, such injury was caused by Plaintiff's own conduct.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Failure to Comply With Employer's Directions – Labor Code Section 2856)

16.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not comply substantially with all the directions of her employer, Defendant, concerning the service for which she was engaged.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

17.     Defendant is informed and believes, and on that basis alleges, that Plaintiff, in the exercise of reasonable diligence, could have mitigated the alleged damages to herself and that Plaintiff failed to exercise such reasonable diligence and has not mitigated such alleged damages. By reason thereof, Plaintiff is barred in whole or in part from recovering any damages from Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Attorneys' Fees Not Recoverable)

18.     Plaintiff's Complaint fails to set forth any facts that would constitute the basis for an award of attorneys' fees against Defendant for some or all causes of action alleged.

### NINETEENTH AFFIRMATIVE DEFENSE

(After Acquired Evidence)

19.     Defendant reserves the right to rely on any after acquired evidence of misconduct so as to reduce Plaintiff's damages, if any.

### TWENTIETH AFFIRMATIVE DEFENSE

(Failure to Utilize Complaint Procedure)

20.     Some or all Plaintiff's claims are barred because Plaintiff unreasonably failed to

4

Def. Target's Answer to Pltf's Unverified Complaint

651045.1

1 | timely and fully take advantage of corrective opportunities offered by her employer, which at all

2 | times took reasonable care to prevent discrimination.

3 | **TWENTY-FIRST AFFIRMATIVE DEFENSE**

4 | (No Entitlement to Leave)

5 | 21.   Plaintiff's claims that Defendant violated the California Family Rights Act

6 | ("CFRA") and/or the Family and Medical Leave Act ("FMLA") and/or the Pregnancy Disability

7 | Leave laws ("PDL") are barred in whole or in part, to the extent that Plaintiff did not meet the

8 | prerequisites to entitlement for leave under those respective laws.

9 | **TWENTY-SECOND AFFIRMATIVE DEFENSE**

10 | (No Covered Condition)

11 | 22.   Plaintiff's claims are barred in whole or in part, to the extent that Plaintiff did not

12 | have a "serious health condition" as defined under the CFRA and/or FMLA.  Further, Plaintiff's

13 | claims are barred in whole or in part, to the extent that Plaintiff was not disabled by pregnancy,

14 | childbirth, or related medical conditions.

15 | **TWENTY-THIRD AFFIRMATIVE DEFENSE**

16 | (Duplicative Causes of Action)

17 | 23.   To the extent that any alleged cause of action in the Complaint is duplicative of

18 | another alleged cause of action and/or seeks the recovery of the same damages sought in another

19 | alleged cause of action, it is barred, in whole or in part.

20 | **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

21 | (Exhaustion of Leave)

22 | 24.   Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff

23 | exhausted her leave under the CFRA and/or the FMLA and/or the PDL.

24 | **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

25 | (Failure to Provide Proper Notice)

26 | 25.   Plaintiff's statutory claim for violations of the CFRA and/or the FMLA and/or the

27 | PDL, if any, may be barred, in whole or in part, to the extent that Plaintiff failed to request leave

28 | under those respective laws and/or provide proper notice as required under those respective laws.

Def. Target's Answer to Pltf's Unverified
Complaint

651045.1

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Willfulness/Good Faith)

26.     Defendant did not act willfully, intentionally or with knowledge regarding Plaintiff's claim for failure to pay final pay.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Frivolous, Unreasonable and Groundless Lawsuit)

27.     Plaintiff's alleged causes of action are barred, in whole or in part, because Plaintiff's Complaint is frivolous, unreasonable, and groundless, and accordingly, pursuant to California Code of Civil Procedure Section 128.7, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

## ADDITIONAL AFFIRMATIVE DEFENSES

27.     Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event discovery or further investigation indicate they would be appropriate.

## PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.     That the Complaint be dismissed with prejudice;

2.     That Plaintiff take nothing by reason of the Complaint or otherwise;

3.     That Defendant be awarded costs of suit herein;

4.     That Defendant be awarded his reasonable attorneys' fees herein; and,

5.     For such other and further relief that this Court may deem just and proper.

Dated:  March 29, 2013                    CAROTHERS DISANTE & FREUDENBERGER LLP

By: _____
                                          Leigh A. White
                                  Attorneys for Defendant
                                  TARGET CORPORATION

6

Def. Target's Answer to Pltf's Unverified Complaint

651045.1

1

## PROOF OF SERVICE

2

3      STATE OF CALIFORNIA, COUNTY OF SACRAMENTO.

4
           I, the undersigned, declare that I am employed in the aforesaid County, State of California.
5      I am over the age of 18 and not a party to the within action.  My business address is 900 University
       Avenue, Suite 200, Sacramento, California 95825.  On March 29, 2013, I served upon the
6      interested party(ies) in this action the following document described as: DEFENDANT TARGET
       CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES
7
           By placing a true copy thereof enclosed in sealed envelope(s) addressed as stated below: for
8      processing by the following method:

9      James J. Peters, Esq.
       P.O. Box 7797
10     Ventura, CA 93006

11
       [X]   By placing such envelope(s) with postage thereon fully prepaid into Carothers DiSante &
12           Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary
             business practice.  I am familiar with the office practice of Carothers DiSante &
13           Freudenberger LLP for collecting and processing mail with the United States Postal
             Service, which practice is that when mail is deposited with the Carothers DiSante &
14           Freudenberger LLP personnel responsible for depositing mail with the United States Postal
             Service, such mail is deposited that same day in a post box, mailbox, sub-post office,
15           substation, mail chute, or other like facility regularly maintained by the United States Postal
             Service in Sacramento, California.
16
           I declare under penalty of perjury under the laws of the State of California that the
17     foregoing is true and correct.

18         Executed on March 29, 2013, at Sacramento, California.

19

20     Deborah MacArthur                                    (Signature)
       (Type or print name)

21

22

23

24

25

26

27

28

Def. Target's Answer to Pltf's Unverified
Complaint

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 900 University Avenue, Suite 200, Sacramento, California 95825. On April 3, 2013, I served upon the interested party(ies) in this action the following document described as: DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION BASED ON DIVERSITY JURISDICTION AND FEDERAL QUESTION JURISDICTION PURSUANT TO 28 U.S.C. sections 1331, 1332, 1441, and 1446

By placing a true copy thereof enclosed in sealed envelope(s) addressed as stated below: for processing by the following method:

James J. Peters, Esq.
Sara R. Peters, Esq.
PETERS LAW GROUP, APC
Attorneys at Law
P.O. Box 7797
Ventura, CA 93006

[X]   By placing such envelope(s) with postage thereon fully prepaid into Carothers DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carothers DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carothers DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Sacramento, California.

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 3, 2013, at Sacramento, California.

I declare under penalty of perjury that the foregoing is true and correct.

| Deborah MacArthur | |
| --- | --- |
| (Type or print name) | (Signature) |

CAROTHERS DiSANTE &
FREUDENBERGER LLP

652723.1