Andrew J. Morrissey, Esq. (SBN 156827)
Sara M. Knowles, Esq. (SBN 216139)
**LELAND, SCHULTZ & MORRISSEY & KNOWLES** LLP
1660 Humboldt Road, Suite 6
Chico, CA  95928

Telephone:  (530) 342-4500
Facsimile:   (530) 345-6836

**Attorney for Plaintiff Vernisha Castle**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNISHA CASTLE, an individual, ) <br> ) <br> Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> TARGET CORPORATION, a Corporation; ) <br> and DOES 1 through 20, inclusive,  ) <br> ) <br> Defendants.  ) <br> ) <br> _____ ) | CASE NO. 2:13-CV-00648-MCE-DAD <br><br> **STIPULATION AND ORDER RE MODIFICATION OF PRETRIAL SCHEDULING ORDER TO PERMIT FILING OF AMENDED COMPLAINT AND EXTEND DISCOVERY CUT-OFF** <br><br> Trial Date:  May 18, 2015 |

COMES NOW, Plaintiff Vernisha Castle ("Plaintiff") and Defendant Target Corporation ("Defendant") and jointly submit this Stipulation re Modification of Pretrial Scheduling Order to Permit Filing of Amended Complaint and extend discovery cut-off in the above-entitled matter.

The parties seek Court approval to modify the Pretrial Scheduling Order in this matter to permit the filing of an Amended Complaint for Damages, a true and correct copy of which is attached hereto as Exhibit "A."  The Court's Pretrial Scheduling Order filed in this matter on August 16, 2013 indicates, "No joinder of parties or amendments to pleadings is permitted without leave of Court, good cause having been shown" (See Pretrial Scheduling Order, 1:22-24).

1

New counsel for Plaintiff was permitted to substitute in as counsel of record in this matter via Consent Order signed by Judge Morrison C. England, Jr. on April 8, 2014.  New counsel, in reviewing the existing pleadings, thereafter determined that no request for attorney's fees had been set forth in the Fifth Cause of Action of the original pleading (seeking unpaid wages).  Since California Labor Code Sec. 218.5 allows Plaintiff to seek recovery of attorney's fees in a cause of action for unpaid wages, and without making any admissions with respect to the underlying claim, the parties hereby stipulate to a modification of the Court's Pretrial Scheduling Order for submission of the amended pleading and also stipulate that the attached Amended Complaint for Damages may be filed in the underlying matter.

Further, the parties hereby stipulate to extending the discovery cut-off date in this matter to September 18, 2014.  Good cause exists for extension of the discovery cut-off in this case due to new counsel's recent substitution via Consent Order executed on April 8, 2014.  Since the date of the substitution, counsel for the parties have been working diligently and cooperatively to complete pertinent written discovery and depositions in a timely manner.  However, an additional sixty (60) days will facilitate a full investigation of the facts and circumstances surrounding the case and, conceivably, an early resolution of this matter.

SO STIPULATED.

DATED: June 10, 2014            LELAND, SCHULTZ, MORRISSEY &
                                KNOWLES, LLP

                                By /s/ Andrew J. Morrissey
                                   ANDREW J. MORRISSEY
                                   Attorney for Plaintiff Vernisha Castle

DATED: June 10, 2014            CAROTHERS, DISANTE &
                                FREUDENBERGER, LLP

                                By /s/ Nicole A. Legrottaglie
                                   NICOLE A. LEGROTTAGLIE
                                   Attorney for Defendant Target Corporation

**ORDER**

GOOD CAUSE HAVING BEEN SHOWN, the Court hereby orders that the Pretrial Scheduling Order in this matter be amended to permit the filing of the Amended Complaint for Damages, attached hereto as Exhibit "A," and to extend the discovery cut-off in this case to September 18, 2014.

IT IS SO ORDERED.

Dated:  June 24, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Andrew J. Morrissey, Esq. (SBN 156827)
Sara M. Knowles, Esq. (SBN 216139)
**LELAND, SCHULTZ & MORRISSEY & KNOWLES** LLP
1660 Humboldt Road, Suite 6
Chico, CA  95928

Telephone:  (530) 342-4500
Facsimile:    (530) 345-6836

**Attorney for Plaintiff Vernisha Castle**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNISHA CASTLE, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>TARGET CORPORATION., a Corporation; and DOES 1 through 20, inclusive,<br><br>            Defendants. | No.  2:13-cv-00648 MCE-DAD<br><br>**AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1.  **Violation of the California Family Rights Act;**<br><br>2.  **Violation of the Pregnancy Disability Leave Law;**<br><br>3.  **Violation of the Family Medical Leave Act;**<br><br>4.  **Wrongful Termination**<br><br>5.  **Unpaid Wages**<br><br>**Jury Trial Demanded**<br><br>Trial Date: May 18, 2015 |

Plaintiff Vernisha Castle ("Plaintiff") complains and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. The amount in controversy exceeds the sum of twenty-five thousand dollars ($25,000), exclusive of interests and costs.

2. Plaintiff is a California resident residing in San Joaquin County.

4
_____
Exhibit A

3. Plaintiff is informed, believes, and thereon alleges, that Target Corporation ("Target") is a corporation operating in the State of California, County of San Joaquin.

4. Plaintiff is informed, believes, thereon alleges, that Defendants, and each and all of them, at all relevant times hereinafter mentioned were the agents, employees, servants, ,joint venturers, parent companies, successor companies, directors, fiduciaries, representatives, and/or co-conspirators of each of the remaining defendants (collectively "Defendants").  Defendants, in doing the things hereinafter alleged, were acting within the course and scope of such relationship (unless otherwise alleged) and were responsible in some manner for the occurrences herein alleged, and are a proximate cause of Plaintiff's damages as herein alleged.

5. The true names and capacities of DOES 1 through 20 inclusive, whether individual, corporate, associate are otherwise unknown to Plaintiff who therefore sues such defendants by such fictitious names pursuant to California Code of Civil Procedure section 474.  Plaintiff is informed and believes, and thereon alleges that the DOE Defendants are California residents.  Plaintiff will amend this complaint to show their true names and capacities when they have been ascertained.

6. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein by a fictitious name is negligently, intentionally, or otherwise responsible in some manner for the events and happenings herein referred to, and negligently, intentionally, or otherwise caused the injuries and damages to Plaintiff as hereinafter alleged.

**GENERAL ALLEGATIONS**

7. Plaintiff worked for Defendant approximately two years implementing the store's "planograms".

8. In approximately August 2012, Plaintiff informed her team lead, Joanna, that she was pregnant.

9. Unfortunately, on September 9th Plaintiff suffered a miscarriage.

10. Plaintiff called Joanna the morning she miscarried to let her know Plaintiff require

5
_____
Exhibit A

surgery and would be off of work approximately two weeks.

11. Joanna expressed sympathy and told Plaintiff to keep her update regarding her condition.

12. Plaintiff had surgery on September 18.

13. Both prior to and following her surgery Plaintiff and her fiancé, who is also a Target employee, both kept Target apprised of Plaintiff's medical condition and return to work status.

14. Plaintiff was able to return to work on September 26th and she advised Joanna of this in advance.

15. Plaintiff reported to work on September 26th and completed her shift but after work she was terminated by her supervisor and the store manager for being absent from work the previous two weeks.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. On or about January 21, 2013, Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH") alleging violations of the Fair Employment and Housing Act ("FEHA") and California Family Rights Act ("CFRA") by Defendant and requested an immediate right to sue letter.

17. Plaintiff received a right to sue letter from the DFEH dated January 21, 2013.

18. Plaintiff has exhausted all required administrative remedies under the FEHA and CFRA.

## FIRST CAUSE OF ACTION
*Violations of the California Family Rights Act*
(California Governance Code § 12945.2)
[As Against Defendants Target and DOES 1-10]

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-18, inclusive, and incorporates the same by reference as though fully set forth herein.

20. Plaintiff's leave of absence qualified for protection under the CFRA.

21. Plaintiff is informed, believes, and thereon alleges that she was terminated, at least in part, for having exercised her right to take protected leave under the CFRA and/or in

retaliation for taking that leave.

22. As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer losses of earnings, and other benefits of employment, all to Plaintiff's damage in an amount according to proof at trial.

23. As a further, proximate result of Defendants' actions, Plaintiff has suffered, and continues to suffer, severe emotional distress and lasting humiliation, embarrassment, and mental anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff, with an improper and evil motive amounting to malice and spite caused by Defendants' animosity, bias, and hatred of Plaintiff, and was done in conscious disregard of Plaintiff's rights.

25. Plaintiff is also entitled to an award of attorney's fees and costs of suit under California Government Code § 12970.

### SECOND CAUSE OF ACTION
***Violations of the California Pregnancy Disability Leave Law***
(California Government Code § 12945)
[As Against Defendants Target and DOES 1-10]

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-18, inclusive, and incorporates the same reference as though fully set forth herein.

27. Plaintiff's leave of absence qualified for protection under California's Pregnancy Disability Leave Law ("PDLL").

28. Plaintiff is informed, believes, and thereon alleges that she was terminated, at least in part, for having exercised her right to take protected leave under the PDLL and/or in retaliation for taking that leave.

29. Defendant also failed to reinstate Plaintiff to her former position with Defendant.

30. As a proximate result of Defendants' actions, Plaintiff has suffered, and continues to

7

1  suffer, severe emotional distress and lasting humiliation, embarrassment, and mental
2  anguish, and other incidental and consequential damages and expenses, all to Plaintiff's
3  damage in an amount according to proof at trial.
4     31. As a further, proximate result of Defendants' actions, Plaintiff has suffered, and
5  continues to suffer, severe emotional distress and lasting humiliation, embarrassment, and
6  mental anguish, and other incidental and consequential damages and expenses, all to
7  Plaintiff's damage in an amount according to proof at trial.
8     32. Plaintiff is informed and believes, and thereon alleges, that Defendants committed
9  that acts described herein deliberately, callously, maliciously, fraudulently and in an
10 oppressive manner intended to injure Plaintiff, with an improper and evil motive amounting
11 to malice and spite caused by Defendants' animosity, bias, and hatred of Plaintiff, and was
12 done in conscious disregard of Plaintiff's rights.
13    33. Plaintiff is also entitled to an award of attorney's fees and costs of suit under
14 California Government Code § 12970.

### THIRD CAUSE OF ACTION
*Violations of the Family Medical Leave Act*
(29 USC § 2615, *et. al.*)
[As Against Defendant Target and DOES 5-15]

19    34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-
20 18, inclusive, and incorporates the same by reference as though fully set forth herein.
21    35. The leave which Plaintiff took qualified as a protected leave under the Family
22 Medical Leave Act ("FMLA").
23    36. Plaintiff is informed, believes, and thereon alleges that she was terminated, at least
24 in part, for having taken her protected leave of absence.
25    37. As a proximate result of Defendants' violations of applicable law outlined herein.
26 Plaintiff has suffered a loss of wages, salary, employment benefits, interest and other
27 compensation.
28    38. Defendants' wrongful actions were made in bad faith, they did not have reasonable

grounds for believing their conduct was not in violation of the FMLA and Plaintiff therefore requests an award of liquidated damages under 29 USC § 2617(a)(1)(A)(ii).

39. Plaintiff is also entitled to an award of attorney's fees and costs of suit under 29 USC § 2617(a)(3).

## FOURTH CAUSE OF ACTION
### Wrongful Termination
[As Against Defendant Target and DOES 1-15]

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-39, inclusive, and incorporates the same by reference as though full set forth herein.

41. As a California employee, Plaintiff was protected by the fundamental, basic, and substantial public policies found in the California Fair Employment and Housing Act, California Pregnancy Disability Leave Law, California Family Rights Act, Family Medical Leave Act, California Government Code § 12940, *et. seq.* and the California Constitution.

42. Plaintiff is informed, believes, and thereon alleges that motivating factors in Defendant's termination of Plaintiff were in violation of these enumerated public policies.

43. As a proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer losses of earnings, and other benefits of employment, all to Plaintiff's damage in an amount according to proof at trial.

44. As a further, proximate result of Defendant's actions, Plaintiff has suffered, and continues to suffer, severe emotional distress and lasting humiliation, embarrassment, and mental anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount according to proof at trial.

45. Plaintiff is informed and believes, and thereon alleges, that Defendant committed the acts described herein deliberately, callously, maliciously, fraudulently and in an oppressive manner intended to injure Plaintiff, with an improper and evil motive amounting to malice and spite cause by Defendants' animosity, bias, and hatred of Plaintiff, and was done in conscious disregard of Plaintiff's rights.

9
Exhibit A

## FIFTH CAUSE OF ACTION
**Unpaid Wages**
(California Labor Code §§ 201-203)
[As Against Defendants Target and DOES 5-20]

46. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-18, inclusive, and incorporates the same by reference as though fully set forth herein.

47. Plaintiff has not received her final paycheck since being terminated from her employment by Defendants.

48. Plaintiff is entitled to recover "waiting time" penalties under Labor Code § 203 as a penalty for Defendant's failure to pay her earned wages immediately upon termination.

49. Plaintiff is entitled to recover attorney's fees for Defendant's failure to pay her earned wages pursuant to California Labor Code Section § 218.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For actual damages, including loss of past and future earning, bonuses, deferred compensation, and other employment benefits, in an amount according to proof at trial;
2. For consequential and incidental damages and expenses in an amount according to proof at trial;
3. For pre-judgment and post-judgment interest, all at the legal prevailing rate;
4. For general and special damages, including but not limited to, emotional distress, loss of reputation, and medical expenses in an amount according to proof at trial;
5. For penalties under California Labor Code § 203;
6. For liquidated damages under FMLA;
7. For attorney's fees according to proof;
8. For punitive damages, in an amount according to proof at trial; and
9. For such other and further relief as the Court may deem just, proper, and equitable.

| | | |
|---|---|---|
| 1 | Dated: June ___, 2014 | **LELAND, SCHULTZ, MORRISSEY & KNOWLES** LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | |      Andrew J. Morrissey<br>     Attorneys for Plaintiff Vernisha Castle |

## JURY TRIAL DEMAND

Plaintiff hereby demands her constitutional right to trial by jury for all triable issues in the above-entitled action.

Dated: June ___, 2014          **LELAND, SCHULTZ, MORRISSEY & KNOWLES** LLP

                               By: _____
                                   Andrew J. Morrissey
                                   Attorneys for Plaintiff Vernisha Castle